**EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

MINNESOTA MINING AND
MANUFACTURING COMPANY,

Plaintiff,

Civil Action No. 01-CV-2247 (MJD/JGL)

v.

PRINT INFORM GMBH & CO. KG,

Defendant.

---

**FINAL ORDER**

The parties hereto, having resolved their differences, consent to entry of this FINAL ORDER, which constitutes the final judgment in this action:

1. 3M Company ("3M"), formerly named Minnesota Mining and Manufacturing Co. is a Delaware corporation having its principal place of business at 3M Center, P.O. Box 33427, St. Paul, Minnesota 55133-3427.

2. Print Inform GmbH & Co. KG ("Print Inform") is a limited partnership organized under the laws of Germany, having its principal place of business at Borsigstr. 8, 24568 Kaltenkirchen, Germany.

3. This is an action for trademark infringement, unfair competition and dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act"), for trademark dilution under the Minnesota Anti-Dilution Statute, Minn. Stat. Ann.

FILED 9-23-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 9-23-02
DEPUTY CLERK

§ 325D.165 (1994), for unfair competition and trademark infringement under the common law of Minnesota, and for unjust enrichment.

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over 3M's claims under Minnesota law.

5. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a state and a citizen of another country. Therefore, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper under 28 U.S.C. § 1391(b).

7. This Court has personal jurisdiction over Print Inform for purposes of this action and the enforcement of this Final Order.

8. 3M introduced a repositionable note (i.e., a "sticky note") product, canary yellow in color, in the late 1970s under the trademark POST-IT. A sample of one of 3M's sticky notes bearing the canary yellow color is attached hereto as Exhibit A.

9. The POST-IT sticky note has been an extremely successful product.

10. 3M has continuously used the color canary yellow in connection with its sticky notes since the introduction of those notes during the late 1970's.

11. As a result of 3M's long use and promotion of the color canary yellow in connection with its sticky notes, that color has become distinctive and now serves to identify 3M's sticky notes and to distinguish 3M's sticky notes from sticky notes made by others.

12. The canary yellow color is a protectable trademark for 3M's sticky notes.

13. The canary yellow trademark for sticky notes is owned by 3M.

14. In accordance with the provisions of federal law, 3M registered its canary yellow trademark, U.S. Registration No. 2,390,667, for "stationary notes containing adhesive on one side for attachment to surfaces." That registration is currently subsisting, valid, and owned by 3M.

15. As a result of 3M's long use and promotion of the canary yellow mark in Minnesota and elsewhere, 3M has developed goodwill and has acquired common law rights in the canary yellow mark.

16. Print Inform is engaged in the business of manufacturing, marketing, distributing, and selling sticky notes. Some of these sticky notes use a Bunting Yellow 55 or a pale yellow color ("Current Yellow") confusingly similar to 3M's canary yellow trademark. Samples of Print Inform's Current Yellow sticky notes are attached as Exhibit B.

17. Print Inform's Current Yellow sticky notes are sold in commerce in the United States, in direct competition with 3M's canary yellow sticky notes.

18. The sale of Print Inform's Current Yellow sticky notes in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Print Inform with 3M, or as to the origin, sponsorship, or approval of Print Inform's goods.

19. Effective on March 6, 2003 and subject to the time frame agreed to by the parties, Print Inform, its officers, agents, servants and employees and all those persons in active concert or participation with them, are permanently enjoined and restrained from manufacturing, offering for sale, selling or distributing in the United States repositionable note products in the following colors: (a) Current Yellow; (b) shades of yellow between Pantone PMS 101U at 20% tint and canary yellow, and between canary yellow and Pantone 394U at 100% tint, Pantone

PMS 3945U at 100% tint, and Pantone PMS 113U at 100% tint; and (c) Pantone PMS 102U at 20% tint, Pantone PMS 601U at 50% tint, Pantone PMS 101U at 100% tint, Pantone PMS 107U at 100% tint, Pantone PMS 393U at 100% tint and Pantone 3935U at 100% tint, or any other color that is as similar or more similar than these colors to Canary Yellow as shown in Exhibit A.

20. The parties shall bear their own costs for this action.

**THUS DONE AND SIGNED THIS 20th DAY OF September, 2002.**

United States District Judge

**APPROVED AS TO FORM AND AGREED:**

3M COMPANY

By: ______________________
David K. Tellekson
MERCHANT & GOULD, P.C.
1191 Second Avenue, Suite 1500
Seattle, WA 98101-3420
Telephone: (206) 342-6200

PRINT INFORM GMBH & CO. KG

By: ______________________
Edward R. Conan
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 422-0121

**EXHIBIT A**

Canary Yellow 3M Sticky Note

**EXHIBIT B**

Bunting Yellow 55

Pale Yellow

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.